# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**NICOLE GAUDET BECNEL**                              **CIVIL ACTION NO.**

**VERSUS**

                                     **20-266-BAJ-EWD**

**JON RUSSELL FOLSE, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

NICOLE GAUDET BECNEL                              CIVIL ACTION NO.

VERSUS

                                                 20-266-BAJ-EWD

JON RUSSELL FOLSE,
ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Nicole Gaudet Becnel ("Plaintiff"), who is representing herself and proceeding *in forma pauperis* ("IFP").[1] Based on the screening process for such complaints, it is recommended that Plaintiff's proposed, *ex parte* Second Amended Complaint[2] be stricken for failure to seek leave, because it seeks to supplement her prior claims with entirely new defendants and unrelated claims, and because it contains redundant and immaterial matters. It is further recommended that all of Plaintiff's originally asserted claims, with the exception of her claim against Defendant Jon Russell Folse ("Folse") for violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e). It is further recommended that, if this Report and Recommendation is adopted, this case be referred to the undersigned for further proceedings on Plaintiff's sole remaining claim against Folse under the CFAA.

### I.    Background

On April 29, 2020, Plaintiff brought this suit against Folse, her former boyfriend, Folse's current girlfriend, Jamie Stoker ("Stoker"), and Folse's parents, Jerry and Julie Folse, (collectively

---

[1] R. Docs. 1 and 9 (June 15, 2020 Order granting Plaintiff IFP status).
[2] R. Doc. 33.

"Defendants") alleging a variety of claims against Defendants, including that Defendants committed various crimes and forms of theft against Plaintiff, violated Plaintiff's rights due to Defendants' influence on law enforcement in preventing the arrest of Defendants for the commission of those crimes, instigated the malicious prosecution of Plaintiff by local law enforcement, engaged in violations prohibited by the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, engaged in wealth and disability discrimination against Plaintiff, engaged in a number of Louisiana state law torts, and violated 18 U.S.C. § 241, upon which statute Plaintiff appeared to base federal question jurisdiction.[3]   After Plaintiff was granted IFP status, a *Spears* hearing was ultimately scheduled to occur by telephone.[4] Prior to the *Spears* hearing, Plaintiff filed a letter directed to "Judge," which was liberally construed as a response to the show cause order ("Response").   The Response contained more information (and documentation) regarding Plaintiff's allegations that Defendants committed thefts of her money, property, and mail, as well as asserting a new claim against Defendants under the CFAA for "hacking," her phone, laptop, router, and internet provider, which Plaintiff claimed supported federal question jurisdiction.[5]

*Spears Hearing*

During the *Spears* hearing, Plaintiff testified under oath and presented information regarding the basis for her claims.   It was explained to Plaintiff that she did not have a private

---

[3] R. Doc. 1, pp. 2-7, which is handwritten.
[4] As Plaintiff did not appear for the first *Spears* hearing, which occurred via Zoom video-conferencing, a show cause hearing was set, with notice mailed to Plaintiff. R. Docs. 10, 13, 17.  However, Plaintiff notified the Court, again via handwritten letters (and by calling Chambers), that she did not attend the *Spears* hearing because she did not receive notice of it and she did not have Zoom video-conferencing capabilities.   Therefore, the show cause hearing was converted into a second *Spears* hearing by telephone.  *See* R. Docs. 14, 16, 18, 20.
[5] R. Doc. 19, pp. 1-2 and documents attached at R. Doc. 19-1, which include emails between Plaintiff and representatives of companies such as "Square" regarding thefts of Plaintiff's money and alleged hacking of her devices, as well as police reports, *etc.*  Many of these documents reference alleged actions by Folse that occurred in 2017 and 2018.

cause of action against Defendants for many of her allegations related to criminal acts. Among other issues, it was also explained to Plaintiff that she had not properly pleaded the citizenship of the parties to adequately allege subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and the only potential federal causes of action raised in her Complaint and show cause response, *i.e.*, ADA/disability discrimination, RICO violations and CFAA violations, were not supported by sufficient factual allegations and thus were not colorable as pleaded.[6] Plaintiff was given until September 11, 2020 to file an appropriate motion seeking leave to amend her Complaint and was instructed that she must allege sufficient facts to support each element of her asserted claims, and must follow the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Administrative Filing Procedures with respect to the form of her filed papers.[7] Plaintiff was then granted a thirty-day extension to seek leave to file an Amended Complaint.[8]

*Amended Complaint*

Plaintiff did not file a motion for leave to amend her Complaint. However, she did file a document entitled "Causes of Action Amended," which was received on October 13, 2020. In that document, which is not properly styled as an amended pleading and fails to follow the required format for pleadings and motions, Plaintiff expounded upon her CFAA claims, primarily naming Folse, alleging that he accessed Plaintiff's iPhone, personal computers, servers, email addresses, and/or routers without her permission and accessed her bank and investment account information to steal her funds and change her passwords, and also sabotaged her paralegal business. Plaintiff contends that Folse's parents "aided and abetted" Folse by allowing Folse and Stoker to use their property and/or because Folse's parents have a usufruct over Folse's home. Plaintiff re-averred

---

[6] R. Doc. 22, pp. 2-3.
[7] R. Doc. 22, p. 3.
[8] R. Docs. 28-29. In light of Plaintiff's *pro se* status, the Court liberally construed her handwritten letter requesting additional time as a motion for extension.

alleged acts of theft by Folse, including theft of her identity, money, and Social Security disability payments, and contended that Folse extorted money from Plaintiff by threatening to ruin her familial relationships. Plaintiff averred that her damages "are in excess of $102,000 without special damages," but Plaintiff demands one million.[9]  These actions were alleged to occur in 2019 through the date of the filing, *i.e.*, October 2020.[10]  Plaintiff did not offer any further factual allegations in support of her ADA/disability discrimination and RICO claims.

Three days later, the Court received Plaintiff's "Amendment to the Causes of Action after Spears Hearing," (hereinafter, the "Amended Complaint"), with exhibits. The Amended Complaint more closely resembles a properly formatted pleading, and avers that it is the "final draft" of the October 13, 2020 Causes of Action Amended.[11]  In the Amended Complaint, which reincorporates many of the same allegations as the October 13, 2020 document, Plaintiff again alleged that Folse "hack[ed]" her iPhone, laptops connected to the internet, routers, servers, email addresses, and passwords in support of her CFAA claims.  Plaintiff contended that Folse did not have authorization to access her computers, or her bank accounts, social security benefits, and other accounts, for his financial gain.  Plaintiff again averred that Folse, as aided and abetted by his parents, had committed fraud, identity theft, banking theft, mail theft, *etc.* against Plaintiff in 2019-2020,[12] and made the same demand for one million dollars.[13]  Plaintiff did not offer any further factual allegations in support of her ADA/disability discrimination and RICO claims.

---

[9] R. Doc. 31. Plaintiff also vaguely contends that she was approved for a "VA loan" of $250,000, which did not close because of Defendants' actions.  R. Doc. 31, pp. 2-3.  Plaintiff did not allege the citizenship of any party; however, as noted during the *Spears* hearing, it appears that the parties, all Louisiana residents, are all likely Louisiana citizens and thus not diverse.
[10] R. Doc. 31, pp. 1-3.
[11] R. Docs. 32, p. 1 and 32-1.
[12] R. Doc. 32, *in globo.*
[13] R. Doc. 32, p. 8.

*Proposed Supplemental Complaint*

Nearly a year later on September 16, 2021, Plaintiff filed another complaint (on a form document), without seeking leave, that contains unintelligible handwriting but appears to attempt to name additional defendants.[14]  Two handwritten letters were attached to the form complaint, all of which are considered *in globo* as another proposed Amended Complaint ("Proposed Supplemental Complaint") in light of Plaintiff's *pro se* status.  The first handwritten letter, an improper *ex parte* communication that fails to follow the required format for motions, is dated September 9, 2021, and is difficult to read but is directed to the undersigned.  The letter thanked the Court for "accepting" her previously-filed Amended Complaint alleging CFAA violations;[15] provided financial information in support of Plaintiff's Motion for IFP status (which has already been granted);[16] requested for summonses to be issued for Plaintiff to effect service or for the "sheriff" to serve for free; requested an application to apply for an appointment of a *pro bono* attorney; and requested an application to access PACER.[17]  Substantively, Plaintiff alleged that Folse was found in possession of her iPhone 7 in 2021, a claim previously raised in her Amended Complaint.[18] Plaintiff also asserted new theft and retaliation claims against Folse, and claimed that she was afraid for her freedom and safety due to threats by Folse as a result of Plaintiff having provided "tips" to law enforcement about narcotics.[19]  Plaintiff alleged that Folse was residing

---

[14] R. Doc. 33.

[15] Plaintiff also referenced the Court accepting her amendment of a cause of action for "Civil Rights violations." R. Doc. 33-1, p. 18.   However, as mentioned, the Amended Complaint did not plead any facts, or enumerated a cause of action for, any Civil Rights Act violations, or disability discrimination.  Plaintiff was previously advised at the *Spears* hearing that she had not stated an actionable claim for false arrest.  R. Doc. 22, p. 2.

[16] Plaintiff also re-filed a handwritten, and unintelligible, AO-Long Form 239 in support of Motion for IFP status, which has already been granted. R. Doc. 33-1, p. 21.

[17] R. Doc. 33-1, pp. 17-25.  Plaintiff also inquired why a new judge had been assigned to this case.  R. Doc. 33-1, p. 19 and R. Doc. 33-1, p. 16.  However, a new judge has not been assigned to this case.

[18] R. Doc. 33-1, p. 21.

[19] R. Doc. 33-1, pp. 21-23.

near her and had altered her car's GPS system, and also implied that Folse put a nail in her tire.[20] Plaintiff alleged that "he [Folse] send in" Shane Richey ("Richey"), Plaintiff's ex-boyfriend, to "sabotage" Plaintiff's case and to steal additional funds.[21] Plaintiff also attempted to name additional defendants, *i.e.*, Deborah Vidrine, David Becnel, and Ronald Richey (deceased), and corporate defendants, including the FDIC, "Security & Exchanges," Apple Inc., cell carriers Simple Mobile, Straight Talk Wireless, AT&T, Boost Mobile, Metro PCS, and others.[22] However, the September 9, 2021 letter does not plead any facts or causes of action against any of these persons/entities.[23]

The second handwritten letter, dated September 12, 2021, is directed to the Clerk and the undersigned, and is another improper *ex parte* communication that again fails to comply with the pleading format for motions.[24] The second letter also unnecessarily referenced information in support of granting Plaintiff IFP status, and further alleged theft of Plaintiff's property by Folse and/or Richey, including through an "illegal eviction" of Plaintiff from her apartment in 2021,[25] as well as the commission of crimes involving Plaintiff's phones and mail in 2021.[26] Plaintiff again requested issuance of summonses and forms to request the appointment of an attorney,[27] and attempted to add Richey and several of the additional persons/entities named in her earlier letter (*see above*) as defendants.[28] With the exception of Richey, Plaintiff failed to allege any particularized facts or causes of action against any of these proposed defendants, and only vaguely

---

[20] R. Doc. 33-1, p. 23.
[21] R. Doc. 33-1, p. 25.
[22] R. Doc. 33-1, p. 24.
[23] R. Doc. 33-1, p. 24.
[24] Plaintiff averred that she handwrote the letter because of a hurt wrist and the effects of a hurricane. R. Doc. 33-1, p. 12.
[25] R. Doc. 33-1, p. 10.
[26] R. Doc. 33-1, pp. 9-11, 13-15.
[27] R. Doc. 33-1, pp. 11, 13.
[28] R. Doc. 33-1, p. 12.

referenced "this insurance Ponzy scheme, mortgage fraud, etc.," without pointing to any specific defendant or providing any particularized facts.[29]    Finally, Plaintiff attached various other documents to the Proposed Supplemental Complaint, including an improperly-filed request for a transcript,[30] a response by the Clerk of Court to a copy request sent by "John Butler" related to a different proceeding in this Court,[31] and additional exhibits that presumably support Plaintiff's newly-asserted claims.[32]

## II.    Law and Analysis

### A.  Plaintiff's Proposed Supplemental Complaint Should Be Stricken

Plaintiff's September 16, 2021 Proposed Supplemental Complaint, construed liberally and *in globo*, should be stricken from the record pursuant to Fed. F. Civ. P. 12(f) for several reasons.[33] First, Plaintiff filed the form Proposed Supplemental Complaint, which is unintelligible, without seeking leave of Court, accompanied by improper *ex parte* communications, and without following the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Administrative Procedures, which Plaintiff was ordered to follow during the *Spears* hearing.[34]  Even though the pleadings of *pro se* plaintiffs are construed liberally, *pro se* plaintiffs are not absolved of the responsibility to comply with the applicable rules, which was explained to Plaintiff during the

---

[29] R. Doc. 33-1, p. 12.

[30] R. Doc. 33-1, pp. 27-28.

[31] R. Doc. 33-1, p. 26.  Butler apparently requested documents related to No. 19-cr-100 (M.D. La.).  It is unclear how this document request is related to Plaintiff's claims in this case.

[32] R. Doc. 33-1.  The exhibits include a credit card statement, an email to the FBI regarding Plaintiff's iPhone, and photographs.  R. Doc. 33-1, pp. 1-7.

[33] *See* Fed. R. Civ. P. 12 (f) "Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own….;" Fed. R. Civ. P. 15(a)(2) (if (a)(1) does not apply, then "a party may amend its pleading only with the opposing party's written consent **or the court's leave.**"); and Fed. R. Civ. P. 15(d): "**On motion** and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." (emphasis added).

[34] *See* R. Doc. 22.

*Spears* hearing.[35]  As the Proposed Supplemental Complaint fails to comply with the applicable rules, *e.g.*, Fed. R. Civ. P. 7, 8, 10, and 15, and Local Rules 7 and 10, it should be stricken.[36]

Next, the allegations contained in the two (improper) handwritten letters seek to add new (and unrelated) Defendants, *e.g.*, Richey, the FDIC, cell phone carriers, Deborah Vidrine, David Becnel, *etc.*, against whom (with the exception of Richey) Plaintiff has not asserted any particularized facts or causes of action, including against whom her vague allegations of Ponzi schemes or mortgage fraud are directed.  In any case, the letters filed with the Proposed Supplemental Complaint attempt to supplement, rather than amend, the Amended Complaint, which alleged that Folse "hacked" Plaintiff's cell phone, laptop, and accounts in violation of the CFAA, and committed various forms of theft from 2019 to 2020, which seems entirely unrelated to any of the newly named individuals and entities.[37]

Despite that Plaintiff failed to seek leave to supplement, pursuant to Fed. R. Civ. P. 15(d), a court may, on just terms, permit a party to serve a supplemental pleading.  The Fifth Circuit has indicated that the same factors that shape a Fed. R. Civ. P. 15(a) motion to amend inquiry also apply to a Fed. R. Civ. P. 15(d) motion.[38]  "Leave to supplement should not be granted where a

---

[35] R. Doc. 22, pp. 3-4.

[36] *See Carlisle v. Elite Trucking Servs., LLC,* No. 1:16-CV-257-HSO-JCG, 2016 WL 9185286, at *2 (S.D. Miss. Sept. 8, 2016) (striking an amended complaint filed by a *pro se* plaintiff for failure to seek leave and holding: "To the extent that Plaintiff may be seeking the Court's leave to file such a pleading, he has not filed a written motion in accordance with the Federal Rules of Civil Procedures and the Local Uniform Civil Rules of this Court. *See* Fed. R. Civ. P. 7(b)(1); [local rules cited]. While Plaintiff is proceeding pro se in this matter, failure to follow local court rules constitutes a sufficient basis for the Court to deny leave to amend. *G.M. ex rel. Lopez v. Shelton*, 595 Fed. Appx. 262, 267 (5th Cir. 2014) ('we have previously held that failure to follow local court rules is a basis for upholding a district court's denial of leave to amend') (citing *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979))."

[37] The only decipherable allegations common to the Amended Complaint and the Proposed Supplemental Complaint is that, in the latter pleading, Plaintiff alleges that Folse was charged with the theft of her iPhone 7, which Plaintiff alluded to Folse "hacking" in the former pleading.  Allegations of criminal property theft of her phone are not actionable by Plaintiff in this case.  *See* the discussion below.  To the extent the hacking relates to her CFAA claims, however, Plaintiff has already asserted it in her Amended Complaint.

[38] *See Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982) (citation omitted), *vacated on unrelated grounds by* 460 U.S. 1007 (1983).

plaintiff attempts to present 'new and different cause[s] of action."[39]  None of the proposed new defendants were named in the case previously, and Plaintiff has not asserted causes of action against any of them. With the exception of Richey, Plaintiff has also not alleged any specific facts against the newly named parties.  With respect to Richey and the newly asserted claims against Folse, Plaintiff's allegations involve claims of theft and/or extortion that are not actionable. as explained to Plaintiff during the *Spears* hearing.  They also involve a new set of circumstances that are different (*i.e.*, tampering with Plaintiff's car and theft arising out of a 2021 eviction and a new phone), from the CFAA claims presently before the Court arising out of actions that took place in 2019-2020.  Because Plaintiff has named additional defendants that are wholly different from the ones named in the Amended Complaint, and because the claims against Richey and Folse are not actionable and arise out of circumstances that are unrelated to the CFAA claim, which are the only claims adequately pleaded, it is recommended that Plaintiff's Proposed Supplemental Complaint and the documents filed as exhibits in support thereof be stricken.[40]

The remaining miscellaneous documents attached to the Proposed Supplemental Complaint should also be stricken pursuant to Fed. R. Civ. P. 12(f) as redundant and/or immaterial. Specifically, the requests for the issuance of summonses/service of the Amended Complaint will be ordered in due course; the re-filed forms in support of IFP status are unnecessary because Plaintiff has already been granted IFP status; the request for copies of documents by a person other

---

[39] *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226 (1964).
[40] Even if the Proposed Supplemental Complaint before the Court were considered a proposed amended complaint, it would be appropriate to deny leave to amend because the complaint raises claims unrelated to the original claims and involves different defendants.  *See Feemster v. Chapa*, No. 17-39, 2018 WL 1310035, at *3 (S.D. Tex. March 13, 2018) (denying the plaintiff's motion to amend because the proposed claims did not involve the same defendants as the original claims and were not closely related to the claims in his original and amended complaints).

than Plaintiff involves a different matter; and Plaintiff's request for a transcript of Court hearings was improperly filed.[41]

### B.  Standard of Review on Dismissal Pursuant to § 1915

Pursuant to 28 U.S.C. § 1915(e), this Court is authorized to dismiss an action by any plaintiff who has been granted IFP status, if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.  The statute is intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the Court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under § 1915(e), courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[42]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[43] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[44]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[45]  For a complaint to survive dismissal, it "must

---

[41] Plaintiff's request for transcripts should be filed separately and directed to the Clerk of Court for processing along with payment of the required fee.  Plaintiff subsequently filed a motion seeking an application to apply for an attorney or for the appointment of one. *See* R. Doc. 35.  Plaintiff's request for an attorney is ruled upon in connection with that motion.  Plaintiff may access information to obtain a PACER account from the Court's website, under the "E-Filing" menu.
[42] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).
[43] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[44] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[45] *Id.*

contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[46]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[47] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[48] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[49] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[50]

### C. Plaintiff's CFAA Claim Should Be Retained Against Folse, But It Should be Dismissed Against Jerry and Julie Folse and Jamie Stoker

The CFAA is a criminal statute that imposes criminal sanctions on those who commit fraud and related activity in connection with computers.[51] Section 1030(a)(2) provides that anyone who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer" is subject to criminal sanctions.[52] Although the CFAA is a criminal statute, § 1030(g) provides plaintiffs the right to bring a private cause of action as set forth in the statute.[53]

---

[46] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), *citing Lormand v. US Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).
[47] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[48] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[49] *Denton*, 504 U.S. at 33, (*citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).
[50] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[51] 18 U.S.C. § 1030.
[52] 18 U.S.C. § 1030(a)(2).
[53] 18 U.S.C. § 1030(g): "Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i). Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage…." The conduct described in the referenced subclause I of Subsection 1030(c)(4)(A)(i), which is the only one potentially applicable, is "loss to 1 or more persons during any 1-year period (and, for purposes of an

Construing Plaintiff's Amended Complaint liberally because of her IFP status, and in the light most favorable to her, Plaintiff has alleged some facts to potentially raise a CFAA claim against Folse under § 1030(a)(2)(C) or § 1030(a)(4). To raise a claim under § 1030(a)(2), a plaintiff must allege that the defendant (1) intentionally accessed a computer, (2) without authorization or exceeding authorized access, and (3) thereby obtained information, (4) from a "protected computer," [54] and (5) there was a loss of at least $5,000 to one or more persons, over a one year period.[55] Similarly, to raise a claim under § 1030(a)(4), a plaintiff must allege that the defendant (1) accessed a protected computer; (2) did so without authorization or by exceeding such authorization as was granted; (3) did so knowingly and with intent to defraud; (4) in doing so, furthered the intended fraud and obtained anything of value; and (5) the plaintiff incurred a loss during any one-year period aggregating at least $5,000 in damages.[56] In Plaintiff's Amended Complaint she attempts to address these elements, including alleging that Folse accessed Plaintiff's protected computer, *i.e.*, her laptop that was connected to the internet, without permission or authorization, and obtained valuable financial information with the intent to deceive and to defraud Plaintiff, which caused damages of more than $100,000.[57]

While Plaintiff generally refers to "Defendants'" violations of the CFAA, Plaintiff's allegations assert actions taken by *Folse*, and Plaintiff relies on documents that appear to relate to

---

investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value…."

[54] A protected computer is defined, in pertinent part, as a computer: "which is used in or affecting interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States." 18 U.S.C. § 1030(e)(2)(B).

[55] *SMH Enterprises, L.L.C. v. Krispy Krunchy Foods, L.L.C.,* No. 20-2970, 2021 WL 1226411, at *2 (E.D. La. Apr. 1, 2021), *reconsideration denied,* No. 20-2970, 2021 WL 2853105 (E.D. La. July 8, 2021). *And see* §1030(g) above, incorporating § 1030(c)(4)(A)(i)(I)-(V).

[56] *Elliott Co. v. Montgomery,* No. 6:15-02404, 2016 WL 6301042, at *3 (W.D. La. Sept. 28, 2016), *report and recommendation adopted,* No. 15-02404, 2016 WL 6301106, (W.D. La. Oct. 26, 2016).

[57] R. Doc. 31 and R. Doc. 32.

Folse and/or email addresses with Folse's names and alleged aliases.[58]  Plaintiff has not alleged

any specific facts that Folse's parents, Jerry and Julie Folse, or Stoker engaged in any conduct that

resulted in a CFAA violation. As to Folse's parents, Plaintiff claims, at most, that they "aided and

abetted" Folse.  However, in support of this allegation, Plaintiff contends that *Folse* used his

parents' home, routers, and phone carriers to engage in violations, and not that Jerry and Julie

Folse took any affirmative actions against Plaintiff.[59]  Similarly, Plaintiff merely alleges that

Stoker resided with Folse at the time he allegedly engaged in CFAA violations.[60]  Therefore, it is

recommended that the CFAA claims (and all other claims) against Julie and Jerry Folse and Stoker

be dismissed for failure to state a claim.

### D.  Plaintiff Cannot State a Claim for Violations of Criminal Statutes

As explained to Plaintiff during the *Spears* hearing, Plaintiff does not have actionable

claims seeking the prosecution of Defendants for the commission of crimes, including allegations

that Folse and/or the other current Defendants: violated 18 U.S.C. § 241;[61] stole her property,

including the theft of bank/investment accounts, Social Security benefits, disability benefits,

and/or debit/credit card funds, and theft of cell phones and cell phone numbers; stole her identity

and/or used her personal information to open new accounts; stole her mail; blackmailed and/or

extorted her in exchange for money and property; bribed law enforcement to not prosecute Folse;

and committed tax evasion or organized crimes.[62]  Some of the factual criminal allegations may

overlap with Plaintiff's CFAA claims, but to the extent they are not pleaded in the context of the

elements of the CFAA, they allege criminal activities that do not provide Plaintiff with a private

---

[58] R. Doc. 32, pp. 1, 3, R. Doc. 32, p. 8, and *see* R. Doc. 19-1, p. 3, 6.
[59] R. Doc. 31, p. 1 and R. Doc. 32, p. 5.
[60] R. Doc. 32, p. 4.
[61] R. Doc. 1, p. 7.  18 U.S.C. § 241 is a federal criminal statute that prohibits conspiracy against rights and is inapplicable to this case.
[62] Plaintiff's Amended Complaint did not re-assert the failure of law enforcement to prosecute Folse, tax evasion, and false arrest.

cause of action and therefore they should be dismissed with prejudice as legally frivolous.[63]  To the extent that Plaintiff believes any Defendant has committed crimes, she should report that information to law enforcement authorities, as she has done previously.[64]

Likewise, Plaintiff's allegation of false arrest fails to state a claim.  As explained to Plaintiff during the *Spears* hearing, her allegations of false arrest do not assert the required elements in support of such a claim, *i.e.*, an arrest without a warrant or with a warrant(s) that is invalid on its face.[65]  There are no factual allegations pleaded that "raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[66]  Accordingly, it is recommended that Plaintiff's claim of false arrest be dismissed with prejudice.

---

[63] *Gill v. State of Texas*, 153 Fed. Appx. 261, 262-63 (5th Cir. 2005)("[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, Gill has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute …. Therefore, the district court did not abuse its discretion when it dismissed these claims as legally frivolous.") (citations omitted).

[64] In late September, 2021, Plaintiff called the chambers of the undersigned, and repeatedly demanded to speak with the undersigned due to alleged threats by Defendants. Plaintiff also called the Clerk of Court's office and left messages of the same nature.  These actions are improper.  As Plaintiff was notified by chambers staff and via Order at R. Doc. 34, allegations of criminal conduct should be reported to the applicable authorities.  Furthermore, Plaintiff is not permitted to have *ex parte* communications with the judges of this Court. If Plaintiff seeks some form of relief related to her claims in this case, she must file a proper motion with the Clerk of Court in the proper format.  Plaintiff is reminded that the Court is not a repository for evidence unrelated to the case, and she is required to be courteous with courthouse staff.

[65] "A claim of false arrest requires a plaintiff to demonstrate that the arrest was made without a warrant or with a warrant void on its face." *Tassin v. Jones*, No. 00-2477, 2001 WL 946349, at * 2 (E.D. La. Aug. 20, 2001) *citing Duboe v. City of New Orleans*, 909 F.2d 129, 132 (5th Cir. 1990).  Even if Plaintiff alleges that Defendants, or any of them, provided false information in support of the arrest warrant, that does not state a claim for false arrest.  *See Swoboda v. Manders*, No. 14-19, 2016 WL 1611477, at *3 (M.D. La. April 21, 2016), *citing Edmond v. Hairford*, 539 So. 2d 815, 818 (La. App. 3 Cir. 1989): "The warrant issued by the magistrate in this case was not null and void on its face. Although the defendant falsely swore that plaintiff committed theft of his watch, simple inspection of the warrant would not disclose the infirmity behind the issuance of the warrant.... [I]n the strict sense contemplated by our law, we doubt that defendant's action may be characterized as a false arrest or false imprisonment." *and citing Stark v. Eunice Superette, Inc.*, 457 So. 2d 291, 294 (La. App. 3 Cir. 1984) "To prove false arrest, the plaintiff must show that the arrest was made without any legal process or warrant or under a warrant null and void on its face. Plaintiff was arrested pursuant to a valid arrest warrant issued by the City Court of Eunice. Plaintiff clearly cannot recover as a victim of a false arrest."

[66] *AGEM Management Services*, 942 F.Supp.2d 611 at 617, *citing Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255-57 (5th Cir. 2009).

### E.  Plaintiff Has Not Stated a Claim Under RICO, the ADA, or Unspecified Civil Rights Statutes

During the *Spears* hearing, Plaintiff was advised that her Complaint did not sufficiently state colorable claims under RICO or the ADA,[67] but she was given the opportunity to assert facts in support of them in an Amended Complaint.[68]  The Amended Complaint contains no factual allegations in support of either of these claims.   Likewise, Plaintiff's Original Complaint, (and Proposed Supplemental Complaint) reference "Civil Rights" statutes, but Plaintiff has not identified any specific appliable Civil Rights statute, nor has she pleaded any facts in support of a Civil Rights claim. Therefore, it is recommended that Plaintiff's RICO, ADA, and nonspecific Civil Rights claims be dismissed with prejudice.

### F.  The Court Should Decline to Exercise Subject Matter Jurisdiction Over the State Law Claims

Plaintiff has alleged a host of state law torts in her original Complaint, including false arrest (discussed above), negligence, invasion of privacy, intentional infliction of emotional distress, slander/libel, and defamation.[69]  While these state law claims were not specifically re-averred in her Amended Complaint (and no specific facts are pled in support of them), it is recommended that the Court decline to exercise  28 U.S.C. § 1367 supplemental jurisdiction over these claims to the extent they remain.  28 U.S.C. § 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional

---

[67] R. Doc. 1, pp. 2-3
[68] R. Doc. 22, pp. 2-3.
[69] R. Doc. 1, p. 4.  Plaintiff also alleges "loss of business and income." *Id.*  However,  loss of business earnings is recoverable as an element of damages under Louisiana law as a result of other torts, and is not an independent tort. *See, e.g., In re Rushing,* 424 B.R. 747, 752 (Bankr. M.D. La. Mar. 3, 2010): "Louisiana law allows recovery of lost profits as an element of damages for the intentional tort of fraud."

> circumstances, there are other compelling reasons for declining jurisdiction.

Thus, the Court has discretion in exercising supplemental jurisdiction over the state law tort claims, and it is recommended that the Court should decline to exercise such jurisdiction in this case.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Proposed Supplemental Complaint[70] be **STRICKEN** from the record pursuant to Fed. R. Civ. P. 12(f) because it was filed without seeking leave and otherwise violates several applicable rules and procedures, because Plaintiff seeks to supplement her prior claims with entirely new defendants and unrelated claims, and because it contains redundant and immaterial matters.

**IT IS FURTHER RECOMMENDED** that all Plaintiff's claims against Jerry Folse, Julie Folse and Jamie Stoker in this matter, including those alleging crimes, false arrest, RICO violations, ADA violations, unspecified Civil Rights violations, 18 U.S.C. § 241 violations, and violations under the Computer Fraud and Abuse Act ("CFAA")[71] be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted, and that Jerry Folse, Julie Folse and Jamie Stoker be **TERMINATED** from this action.

**IT IS FURTHER RECOMMENDED** that all Plaintiff's claims against Jon Russell Folse in this matter, including those alleging crimes, false arrest, RICO violations, ADA violations, unspecified Civil Rights violations, and 18 U.S.C. § 241 violations be **DISMISSED WITH PREJUDICE, with the exception** of Plaintiff's claims against Jon Russell Folse under the CFAA, and that this matter be referred to the undersigned for further proceedings on Plaintiff's sole remaining claim under the CFAA against Jon Russell Folse.

---

[70] R. Doc. 33.
[71] R. Docs. 1, 31-32.

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims in her Original and Amended Complaints.

**IT IS ORDERED** that the Clerk of Court shall serve this order on Nicole Gaudet Becnel via certified mail, return receipt requested at her address listed on PACER, 2160 Rome Street, Paulina, Louisiana, 70763.

Signed in Baton Rouge, Louisiana, on November 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

17