## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**NICOLE GAUDET BECNEL**  CIVIL ACTION NO.

**VERSUS**

**JON RUSSELL FOLSE, ET AL.**  20-266-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 4, 2022.

                                                       **ERIN WILDER-DOOMES**
                                                       **UNITED STATES MAGISTRATE JUDGE**

Certified Mail 7020 0640 0001 4750 6231

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**NICOLE GAUDET BECNEL**                           **CIVIL ACTION NO.**

**VERSUS**

                                                                    **20-266-BAJ-EWD**

**JON RUSSELL FOLSE, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Nicole Gaudet Becnel ("Plaintiff"), who is representing herself and who is proceeding *in forma pauperis* ("IFP"),[1] has failed to effect service of process on the sole remaining defendant in this case, Jon Russel Folse ("Folse"), in violation of Rule 4(m) of the Federal Rules of Civil Procedure and has failed to appear for hearings as ordered. Plaintiff has also failed to keep the Court apprised of her current address as required by Local Civil Rule 41(b)(4). Therefore, it is recommended that this action be dismissed without prejudice on the Court's own motion for failure to prosecute under Fed. R. Civ. P. 4(m), Fed. F. Civ. P. 41(b), and Local Civil Rule 41(b)(1)(A), and for lack of compliance with Local Civil Rule 41(b)(4).[2]

**I.    BACKGROUND**

On June 29, 2022, the Report and Recommendation[3] of the Magistrate Judge was adopted, which permitted Plaintiff's claim against Folse under the Computer Fraud and Abuse Act to proceed, and which terminated all Plaintiff's remaining claims against all other defendants.[4] On June 30, 2022, the Clerk of Court was ordered to issue process to Folse for service by the United

---

[1] R. Doc. 5.
[2] *See* Fed. R. Civ. P. 4(m), which permits *sua sponte* dismissal for lack of prosecution and *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss *sua sponte,* with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).
[3] R. Doc. 37. Plaintiff did not assert any objections to the Report and Recommendation.
[4] R. Doc. 39. The Ruling adopting the Report and Recommendation was mailed to Plaintiff at her address of record via certified mail, return receipt requested. The mail was returned as undeliverable. R. Doc. 43.

States Marshals Service ("USMS"). To effect service, Plaintiff was ordered to provide to the USMS a completed U.S. Marshal Form 285 for Folse to be served. The Order and a Form 285 were mailed to Plaintiff at her address of record via certified mail, return receipt requested.[5] The Clerk issued the summons to Folse on the same date as the Order.[6] Because more than ninety days passed without a return of service (or waiver) filed into the record, and Folse had not made an appearance, Plaintiff was ordered to show cause on November 3, 2022 via video hearing why this action should not be dismissed due to Plaintiff's failure to effect service on Folse and/or Plaintiff's failure to prosecute her claims.[7] The October 5, 2022 Order setting the show cause hearing noted that: "**Plaintiff is advised that failure to appear as ordered may result in the dismissal of this action without further notice.**"[8] On November 3, 2022, the video hearing was held open for more than twenty minutes; however, Plaintiff did not participate or contact the Court to advise that she was unavailable.[9]

## II.  LAW AND ANALYSIS

### A. This Case Should Be Dismissed Because Plaintiff Has Failed to Effect Service of Process on Folse as Ordered and Has Failed to Prosecute Her Claims

Fed. R. Civ. P. 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[5] R. Docs. 40, 40-1, and 42. The return receipt was signed by "Raymond S. Laiche," confirming delivery on July 11, 2022. R. Doc. 42.
[6] R. Doc. 41.
[7] R. Doc. 44. If Plaintiff had provided a completed Form 285 to the USMS, she was ordered to file that information into the record by October 28, 2022. A copy of the Order was mailed to Plaintiff return receipt requested at her address of record; however, it was returned as undeliverable. R. Doc. 45.
[8] R. Doc. 44, p. 2. Plaintiff was ordered to contact the chambers of the undersigned if she did not have Zoom conferencing capabilities; however, Plaintiff did not contact the Court.
[9] R. Doc. 46.

Fed. R. Civ. P. 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[10]  Finally, Local Civil Rule 41(b) provides:

> (b) Dismissal for Failure to Prosecute.
>
> (1) A civil action may be dismissed by the Court for lack of prosecution as follows:
> (A) Where no service of process has been made within 90 days after filing of the complaint…
> (2) Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action…

One hundred and twenty-six (126) days have elapsed since the Court's June 30, 2022 Order requiring Plaintiff to complete the Form 285 for the USMS to make service,[11] and there is no evidence in the record of service of process on Folse, no request from Plaintiff for an extension of time to effect service, and no appearance by Folse in violation of Fed. R. Civ. P. 4(m) and Local Rule 41(b)(1)(A).[12]  Furthermore, more than fourteen days have elapsed since the mailing of the Court's October 5, 2022 show cause order to Plaintiff giving Plaintiff notice as required by Local Civil Rule 41(b)(2), but there has been no response from Plaintiff.  Additionally, Plaintiff failed to attend the show cause video hearing on November 3, 2022, despite the Order requiring her

---

[10] *See Boudwin,* 756 F.2d at 401.
[11] One hundred and fifteen (115) days have elapsed since the Order was delivered to Plaintiff's address of record. *See* return receipt at R. Doc. 42.
[12] Although USMS was ordered to serve because Plaintiff was granted permission to proceed in this suit *in forma pauperis*, the Order appointing USMS to serve is clear that "[USMS] will not serve the defendant without a properly completed form [285]." R. Doc. 40. This fact was explained again to Plaintiff in the Order to Show Cause.  R. Doc. 44.

3

appearance and an explicit warning that this action could be dismissed if Plaintiff failed to appear, and Plaintiff did not contact the Court to advise of her unavailability.[13] Plaintiff has also not filed anything into the record of this case since September 28, 2021, more than one year ago.[14] As such, Plaintiff has failed to prosecute her claims.

Accordingly, pursuant to Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 41(b), and Local Civil Rule 41(b)(1)(A), and in light of the notice given to Plaintiff that this case could be dismissed if she failed to take action, it is recommended that this action be dismissed for failure to prosecute as Plaintiff has failed to take steps to effect service of process on Folse, appear for hearings, and advance her case, which has been pending for two and half years.[15] Pursuant to Local Civil Rule 41(b)(3), it is further recommended that the dismissal be without prejudice, and that the action be reinstated within thirty days only upon Plaintiff showing good cause for the reinstatement.

### B. This Case Should Be Dismissed Because Plaintiff Has Failed to Keep the Court Apprised of Her Current Address

Local Civil Rule 41(b)(4) provides:

> The failure of an attorney or pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute, when a notice is returned to a party or the Court for the reason of an incorrect address and no correction is made to the address for a period of thirty days.

---

[13] Plaintiff has contacted the Court by mail and telephone in the past. Plaintiff has filed several pleadings and motions via the mail (R. Docs. 1, 2, 5, 14, 16, *etc.*), and has contacted the chambers of the undersigned on several occasions, including to advise that she did not have Zoom videoconferencing capabilities in connection with the *Spears* hearing and in improper attempts to communicate *ex parte* with the Magistrate Judge. *See* R. Doc. 20, p. 1, n. 5 and R. Doc. 34.
[14] R. Doc. 35.
[15] *See Davis v. Cnty. of Dallas,* No. 3:19-CV-1494-B-BK, 2020 WL 1259143, at *2 (N.D. Tex. Feb. 18, 2020), report and recommendation adopted, No. 3:19-CV-1494-B, 2020 WL 1249636 (N.D. Tex. Mar. 13, 2020) (dismissing the pro se plaintiff's case without prejudice due to the plaintiff's failure to timely effectuate service of summonses and copies of his complaint on the defendants as required by the Federal Rules of Civil Procedure and failure to follow a court order).

More than thirty days have passed since the Court's Ruling adopting the Report and Recommendation has been returned to the Court has undeliverable and no address correction has been provided.[16] However, Plaintiff knows how to change her address of record, as she has previously done so at least three times.[17] Plaintiff's failure to correct her address leaves the Court unable to contact her regarding this case and disrupts the Court's docket. Therefore, this case should be dismissed without prejudice pursuant to Local Civil Rules 41(b)(3) and (4).

## RECOMMENDATION

**IT IS RECOMMENDED** that, pursuant to Fed. R. Civ. P. 4(m), Fed. R. Civ. P. 41(b), and Local Civil Rule 41(b)(1)(A), all claims of Plaintiff Nicole Gaudet Becnel be **DISMISSED WITHOUT PREJUDICE** and this matter **TERMINATED** due to Plaintiff's failure to effect service of process on Defendant John Russell Folse and failure to appear for hearings as ordered, and pursuant to Local Civil Rule 41(b)(4) due to Plaintiff's failure to keep the Court apprised of her current address.

**IT IS FURTHER RECOMMENDED** that the dismissal be **WITHOUT PREJUDICE** to Plaintiff's right to seek reinstatement of this action within thirty days of the Ruling adopting this Report and Recommendation upon a showing by Plaintiff of good cause.

**IT IS ORDERED** that the Clerk of Court shall serve this order on Nicole Gaudet Becnel via regular and certified mail, return receipt requested at her address listed on PACER, 2160 Rome Street, Paulina, Louisiana, 70763.

Signed in Baton Rouge, Louisiana, on November 4, 2022.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[16] R. Docs. 43. The Order to Show Cause was also returned as undeliverable twenty-two days ago. R. Doc. 45.
[17] R. Docs. 6, 12, 26. Plaintiff has also changed her email address. R. Doc. 15.